## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ROBERT CANGELOSI,**                    **CIVIL ACTION**
     **Plaintiff**

**VERSUS**                               **No. 12-427**

**NEW ORLEANS HURRICANE**                **SECTION "E"**
**SHUTTER AND WINDOW, L.L.C., et al.,**
     **Defendants**

### ORDER AND REASONS

Before the Court is defendant in counterclaim Robert Cangelosi's ("Cangelosi")
motion to dismiss plaintiffs-in-counterclaim New Orleans Hurricane Shutter and Window,
L.L.C.'s ("New Orleans Hurricane") and Dwight Walker's ("Walker") counterclaims against
Cangelosi.[1]  For the reasons set forth below, Cangelosi's motion to dismiss is granted.

### BACKGROUND

This case arises out of a contract entered into by Cangelosi and New Orleans
Hurricane for the installation of storm shutters on Cangelosi's New Orleans home.
Cangelosi applied for a federal grant to help pay for the shutters, and tendered an advance
payment to New Orleans Hurricane equal to half the quoted cost of the job.   Cangelosi
claims that New Orleans Hurricane's installation of the shutters was unsatisfactory, and
after discussions with the company, he decided to withhold the second half of his payment
for the shutters.   An attorney retained by New Orleans Hurricane and New Orleans
Hurricane's manager Walker subsequently sent a demand letter to Cangelosi for the unpaid
balance.  In this letter, the New Orleans Hurricane attorney threatened Cangelosi with civil

---

[1] *See* R. Doc. 18 (Cangelosi's Motion to Dismiss); *see also* R. Doc. 13 (New Orleans Hurricane and
Walker's counterclaim).

1

and criminal liability for breaching the contract.  Cangelosi then tendered the unpaid balance within the time period called for in the demand letter.

After paying New Orleans Hurricane, Cangelosi brought this action, asserting state law claims for tortious conversion, defamation, and redhibitory defects, and for violations of Louisiana's Unfair Trade Practices Act, LA. REV. STAT. ANN. § 51:1401, *et seq.*, and the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*  In response, defendants have asserted a counterclaim for defamation and intentional infliction of emotional distress based on those allegations asserted by Cangelosi.

Cangelosi is now moving to dismiss those counterclaims.  With respect to the motion to dismiss the defamation claim, New Orleans Hurricane and Walker concede that their defamation claim should be dismissed.[2]  Accordingly, the Court will dismiss the defamation claim for this reason.  With respect to the intentional infliction of emotional distress claim, New Orleans Hurricane and Walker argue that Cangelosi's allegations are defamatory *per se*, and thus are "outrageous" conduct sufficient to meet the first element of a claim for intentional infliction of emotional distress.

## ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim if the claimant fails to set forth a factual allegation in support of its claim that would entitle it to relief (i.e. for "failure to state a claim").  *See, e.g. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).    Those factual allegations "must be enough to raise a right to relief above the speculative level." *Gonzalez*

---

[2] R. Doc. 19 at p. 4.  Under Louisiana law, a cause of action for defamatory statements allegedly made in pleadings in a judicial proceeding does not arise until the suit is terminated.  *See, e.g. Simpson v. Perry*, 03-116, (La. App. 1 Cir. 7/14/04); 887 So. 2d 14, 16 (collecting cases).

*v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the non-moving party, *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009), but the Court need not accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

The basis for the tort of intentional infliction of emotional distress under Louisiana law is Louisiana Civil Code article 2315. *See Nicholas v. Allstate Ins. Co.*, 99-2522 (La. 8/31/00); 765 So.2d 1017, 1021 (citing *White v. Monsanto,* 585 So.2d 1205, 1209 (La. 1991); RESTATEMENT (SECOND) OF TORTS § 46 cmt. d (1965)). A plaintiff claiming intentional infliction of emotional distress must establish three elements: "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct." *Nicholas,* 765 So.2d 1017 at 1022 (quoting *White,* 585 So.2d at 1209). Liability for the tort exists "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting RESTATEMENT (SECOND) OF TORTS § 46 cmt. d (1965)).

3

The Court finds that a limited liability company such as New Orleans Hurricane cannot suffer emotional distress as a matter of law.  *See, e.g. Kelly v. Porter, Inc.*, 687 F. Supp. 2d 632, 638 (E.D. La. 2010) ("Louisiana federal courts have consistently held that a juridical entity such as a corporation or a limited liability company can suffer only economic damage . . . a corporation or limited liability company can not suffer non-pecuniary damages in the form of, *inter alia*, negligent or intentional infliction of emotional distress"). Accordingly, Cangelosi cannot be held liable for intentionally inflicting emotional distress on New Orleans Hurricane, and the Court grants the motion to dismiss New Orleans Hurricane's intentional infliction of emotional distress counterclaim for this reason.

Walker, on the other hand, is an individual and is capable of suffering emotional distress.  In describing the factual background in his complaint, Cangelosi stated that New Orleans Hurricane and Walker "converted" funds he paid to them.[3]  In his prayer for relief, Cangelosi seeks damages for tortious conversion under Louisiana Civil Code Article 2315.[4] New Orleans Hurricane and Walker allege that Cangelosi's statement amounts to his "accusing them of committing a crime, to wit, conversion."  They argue that Cangelosi's statement was defamatory *per se* for purposes of the tort of defamation, and that Cangelosi's statement is also *per se* outrageous for purposes of meeting the required elements of the tort of intentional infliction of emotional distress.  However, the alleged

---

[3] *See* R. Doc. 1 (Complaint); R. Doc. 7 (Amended Complaint).

[4] The Louisiana Civil Code does not specifically recognize a cause of action for "conversion," but the Louisiana Supreme Court has recognized that the tort of conversion does exist in Louisiana. *See New Orleans Jazz & Heritage Fdn., Inc. v. Kirksey*, 09-1433 (La. App. 4 Cir. 5/26/10); 40 So.3d 394, 405-406 (citing *Dual Drilling Co. v. Mills Equipment Investments, Inc.*, 98−0343 (La. 12/1/98); 721 So.2d 853, 856).  Unlike common law jurisdictions, however, in which conversion is a strict liability concept, Louisiana requires proof of fault under article 2315 for the civil law tort of conversion.  *Id.*

conduct in this case is the simple act of Cangelosi filing a complaint. Cangelosi's statement cannot be characterized as an accusation of criminal conduct, let alone the kind of "outrageous" conduct required by the first element of the tort of intentional infliction of emotional distress.[5] Liability for intentional infliction of emotional distress "does not attach where [a party] has done no more than to insist upon his legal rights in a permissible way." *Cook v. Am. Gateway Bank*, 10-295 (La. App. 1 Cir. 9/10/10); 49 So.3d 23, 36 (citing *White*, 585 So.2d at 1210). Cangelosi's prayer for damages for the tort of conversion was not extreme and outrageous conduct. Thus, Walker's claim for intentional infliction of emotional distress must be dismissed. *Nicholas,* 765 So.2d 1017 at 1022.

Accordingly, **IT IS ORDERED** that Cangelosi's motion to dismiss defendants' counterclaims be and hereby is **GRANTED.**

**IT IS FURTHER ORDERED** that the counterclaims for defamation and intentional infliction of emotional distress asserted against Cangelosi by New Orleans Hurricane and Walker be and hereby are **DISMISSED.**

---

[5] Even if Cangelosi's statement could be characterized as an accusation of criminal conduct, and thus defamatory *per se*, the Court is not persuaded by defendants' assertion that the Louisiana legislature would not have designated certain conduct as defamatory *per se* if it did not also think such conduct should be considered outrageous in the context of the tort of intentional infliction of emotional distress. A statement that is defamatory *per se* gives rise only to a rebuttable presumption of defamation. If the presumption is rebutted, no defamation occurred. This cuts against Walker's argument that a statement that is defamatory *per se* is automatically outrageous. *See Costello v. Hardy*, 03-1146 (La. 1/21/04); 864 So.2d 129, 140. Most importantly, even if New Orleans Hurricane and Walker were correct in their argument that Cangelosi's statement was outrageous, they have failed to address the remaining elements of the tort of intentional infliction of emotional distress. *See Nicholas*, 765 So.2d 1017 at 1022. Defendants have not alleged that the emotional distress suffered by Walker was "severe," nor have they alleged an intention on the part of Cangelosi to inflict such distress upon Walker or that Cangelosi knew that severe emotional distress would be certain or substantially certain to result from his conduct. *See id*.

New Orleans, Louisiana, this  14th  day of November, 2012.

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**