**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ROBERT CANGELOSI,** | **CIVIL ACTION** |
| **Plaintiff** | |
| **VERSUS** | **No. 12-427** |
| **NEW ORLEANS HURRICANE** | **SECTION "E"** |
| **SHUTTER AND WINDOW, L.L.C., et al.,** | |
| **Defendants** | |

## ORDER AND REASONS

Before the Court is a motion to dismiss[1] filed by defendants New Orleans

Shutter and Window, L.L.C. ("New Orleans Hurricane") and Dwight Walker ("Mr. Walker").

Defendants seek to have plaintiff Robert Cangelosi's ("Cangelosi") federal claims against

dismissed for failure to state a claim under Rule 12(b)(6), and to have Cangelosi's state law

redhibition and breach of contract claims dismissed for lack of subject matter jurisdiction

under Rule 12(b)(1).  Defendants also request the Court to decline to exercise supplemental

jurisdiction over Cangelosi's pendent state law claims. For the reasons set forth below,

defendants' motion to dismiss is granted in part and denied in part.  Defendants' request

that the Court decline supplemental jurisdiction over Cangelosi's state law claims is denied.

## BACKGROUND

This case arises out of a contract entered into by Cangelosi and New Orleans

Hurricane for the installation of storm shutters on Cangelosi's New Orleans home.[2]

Cangelosi applied for a federal grant to help pay for the shutters, and tendered an advance

---

[1] R. Doc. 35.

[2] *See* R. Doc. 1 (Complaint); R. Doc. 7 (Amended complaint).

payment to New Orleans Hurricane equal to half the quoted $7,500 cost of the job.[3] Cangelosi claims that New Orleans Hurricane's installation of the shutters was unsatisfactory, and after discussions with the company, he decided to withhold the second half of his payment for the shutters.[4]  An attorney named Lena Hinton ("Ms. Hinton") was then retained by New Orleans Hurricane and Mr. Walker to send a demand letter on their behalves to Cangelosi for the unpaid balance.[5]  In this letter, Ms. Hinton threatened Cangelosi with civil and criminal liability for breaching the contract.[6]  Cangelosi then tendered the unpaid balance within the time period called for in the demand letter.[7]

After paying New Orleans Hurricane, Cangelosi brought this action, asserting state law claims for tortious conversion, breach of contract, defamation, and redhibitory defects, and for violations of Louisiana's Unfair Trade Practices Act, LA. REV. STAT. ANN. § 51:1401, *et seq.*, and the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*[8] Cangelosi also alleges a violation of 18 U.S.C. § 876, a federal criminal statute relating to the mailing of threatening communications.[9]  In response, defendants asserted counterclaims for defamation and intentional infliction of emotional distress.[10]  On November 15, 2012,

---

[3] *Id.*

[4] *Id.*

[5] *Id.*  Ms. Hinton is not a party to this case.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] R. Doc. 13.

the Court dismissed defendants' counterclaims under Rule 12(b)(6).[11]  Defendants are now

moving to dismiss Cangelosi's claims against them pursuant to Federal Rules of Civil

Procedure 12(b)(6) and 12(b)(1).[12]  Cangelosi opposes defendants' motion.[13]

**THE PARTIES' ARGUMENTS**

### I.      New Orleans Hurricane's and Mr. Walker's Arguments

Defendants argue that Cangelosi's federal FDCPA claim must be dismissed for failure

to state a claim for which relief can be granted.  Specifically, defendants argue that they are

not "debt collectors" for purposes of the FDCPA, and thus Cangelosi has no claim against

them under that federal statute.  Defendants also argue that, to the extent Cangelosi is

seeking relief for an alleged violation of 18 U.S.C. § 876 - a criminal statute - such claim

must fail because the criminal statute creates no private right of action.  Defendants further

argue that this case involves two distinct acts: (1) Cangelosi's purchase of allegedly defective

shutters; and (2) the demand letter sent by Ms. Hinton, and, because Cangelosi's FDCPA

claim only relates to the second act, the Court lacks subject matter jurisdiction over

Cangelosi's claims for breach of contract and redhibitory defects, as those claims arise out

of the first act.  Similarly, the defendants argue that, because the FDCPA claim is the only

grounds for the Court's jurisdiction in this case, and because that claim should be

dismissed, the Court should abstain from exercising supplemental jurisdiction over

Cangelosi's state law claims.

---

[11] R. Doc. 30.

[12] R. Doc. 35.

[13] R. Doc. 46.

## II.    Cangelosi's Arguments

In response, Cangelosi argues that he has a valid claim against defendants under the FDCPA, and that, even if the FDCPA claim is dismissed, the Court should exercise its discretion and refuse to dismiss Cangelosi's state law claims.  With respect to the FDCPA claim, Cangelosi argues that Ms. Hinton, as the defendants' attorney, acted at the defendants' "precise direction" when she mailed the demand letter, and thus defendants should not be allowed to avoid liability under the FDCPA.  Cangelosi argues that he alleged that Ms. Hinton "appear[ed]" to be a debt collector, acting as defendants' "proxy," and because Cangelosi's FDCPA claim is to be liberally construed, and because the Court must take Cangelosi's allegations as true for purposes of this motion to dismiss, Cangelosi's FDCPA claim should not be dismissed.[14]

Cangelosi also argues that all of his claims arise out of the same transaction, and thus those claims should not be dismissed for lack of subject matter jurisdiction.  Finally, Cangelosi argues that, even if the FDCPA claim is dismissed, the Court should exercise its discretion and refuse to dismiss Cangelosi's state law claims, especially considering the upcoming trial date and the fact that the prescriptive period on those claims has lapsed and the dismissal of those claims would leave Cangelosi without an avenue to pursue them.

---

[14] Cangelosi does not address defendants' argument that his claim for damages under 18 U.S.C. 876 must be dismissed.  The Court agrees with defendants on this issue.  There is no private cause of action for a violation of a federal criminal statute.  *See, e.g. Pierre v. Guidry*, 75 F. App'x 300, 300 (5th Cir. 2003) (unpublished).  As Cangelosi apparently concedes, he has no facially plausible cause of action for defendants' alleged violation of this statute.  To the extent Cangelosi is asserting a claim for damages against defendants for a violation of 18 U.S.C. 876, that claim is dismissed without further discussion.

4

**ANALYSIS**

I.      **Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim if the claimant fails to set forth a factual allegation in support of its claim that would entitle it to relief (i.e. for "failure to state a claim"). *See, e.g. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). Those factual allegations "must be enough to raise a right to relief above the speculative level." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Court must accept all well-pled facts as true and must draw all reasonable inferences in favor of the non-moving party, *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009), but the Court need not accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

II.     **Rule 12(b)(1)**

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing FED. R. CIV. P. 12(b)(1)). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in

the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* (citing *Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996)).  "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction . . . Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* (internal citations omitted).  "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

### III.    28 U.S.C. § 1367

 28 U.S.C. 1367 provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. 1367(a).  "The question under section 1367(a) is whether the supplemental claims are so related to the original claims that they form part of the same case or controversy, or in other words, that they 'derive from a common nucleus of operative fact.' " *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (quoting *United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 725 (1966)).  This standard is relatively lenient, and a "loose factual connection between the claims is generally sufficient." *CheckPoint Fluidic Systems Intern., Ltd. v. Guccione*, No. 10-4505, 2012 WL 195533, at *3 (E.D. La. Jan. 23, 2012) (Vance, J.) (citing 13D CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3567.1 (3d ed. 2008)).

28 U.S.C. § 1367(c) sets forth four factors for a district court to consider when deciding whether to exercise supplemental jurisdiction over pendent state law claims:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if -
>
> (1)    the claim raises a novel or complex issue of State law,
>
> (2)    the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3)    the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4)    in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  In determining whether to exercise its supplemental jurisdiction, the Court considers these statutory factors and the common law factors of judicial economy, convenience, fairness, and comity. *See Mendoza*, 532 F.3d at 346 (noting that "no single factor is dispositive"); *see also Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (setting forth the common law factors).  The "general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011) (quoting *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 587 (5th Cir. 1992)).  However, the "doctrine of pendent jurisdiction is a 'doctrine of flexibility.'" *Enochs*, 641 F.3d at 161 (quoting *Carnegie–Mellon*, 484 U.S. at 350).  As a result, provided the Court's discretion is guided by the statutory and common law factors listed above, the Court's determination will not be reversed absent an abuse of discretion.  *Enochs*, 641 F.3d at 161; *Mendoza*, 532 F.3d at 346.

### IV.    Cangelosi's FDCPA Claim

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e).  Accordingly, "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person" for damages.  *Id*. § 1692k(a).  The FDCPA defines "debt collector" as follows:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

*Id*. § 1692a(6).  Officers and employees of a creditor acting in the name of the creditor and collecting debts on its behalf are not debt collectors for FDCPA purposes. *Id*. § 1692a(6)(A). Likewise, the term debt collector does not apply to a person collecting or attempting to collect a debt to the extent the person's activity falls into any of the following categories:

> (i)     [the activity] is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement;
>
> (ii)    [the activity] concerns a debt which was originated by such person;
>
> (iii)   [the activity] concerns a debt which was not in default at the time it was obtained by such person; or
>
> (iv)    [the activity] concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

*Id.* § 1692a(6)(F).

Even taking Cangelosi's allegations as true, he has not alleged a facially plausible FDCPA claim against defendants. Neither defendant wrote the letter, and Ms. Hinton, the author of the letter, is not a party to this suit. For this reason, Cangelosi's FDCPA claim must fail. Even if it could be said the letter was sent by defendants, however, the debt referred to in the letter was a debt owed to the defendants, and a creditor seeking to collect its own debt is not a debt collector for FDCPA purposes. *See* 15 U.S.C. § 1692a(6)(F)(ii). It is Cangelosi's burden to prove his claim for damages under the FDCPA, which includes proving that defendants are debt collectors within the meaning of the statute. He has not carried this burden.

Indeed, Cangelosi seems to concede that, under § 1692a(6)(F), defendants are not debt collectors for purposes of the FDCPA. Instead, he argues that, by directing Ms. Hinton to send the demand letter to Cangelosi, the defendants used a name other than their own to collect their debt, making it appear that a third person was attempting to collect on defendants' debts. While he does not explicitly say so, it is clear Cangelosi is seeking to invoke the false name exception to the general rule under § 1692a(6)(F)(ii) that creditors seeking to collect their own debts are exempt from the FDCPA's definition of debt collector. *See* 28 U.S.C. § 1692(a)(6). Cangelosi also seems to argue that the defendants can be held vicariously liable for the actions of Ms. Hinton. While Cangelosi's arguments are novel, it is telling that he cites virtually no case law supporting either contention.

The Court will address the vicarious liability issue first, as it is fairly straightforward. Even taking Cangelosi's allegations as true, Cangelosi's FDCPA claim against New Orleans Hurricane and Mr. Walker fails because these defendants cannot be held liable under the

FDCPA for Ms. Hinton's actions. As a rule, a non-debt collector cannot be held vicariously liable for the actions of a debt collector. *See, e.g. Bauer v. Dean Morris, LLP*, No. 08-5013, 2010 WL 4103192, at \*4 (E.D. La. Oct. 18, 2010) (Duval, J.) (denying plaintiffs' motion to amend complaint to add FDCPA claim against creditor because plaintiffs' claim, which sought to hold creditor vicariously liable for debt collectors' actions, was "futile"); *see also Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 108 (6th Cir. 1996) (refusing to hold creditor vicariously liable for actions of its debt collector under FDCPA); *Gary v. Goldman & Co.,* 180 F. Supp. 2d 668 (E.D. Pa. 2002) (recognizing that one debt collector may be vicariously liable for another debt collector's actions, but that a creditor cannot be vicariously liable for its debt collector's actions).

Next, the Court addresses the false name exception. A creditor uses a false name "if it 'pretends to be someone else' or uses 'a pseudonym or alias,' or if it owns and controls the debt collector, rendering it the creditor's alter ego." *Mazzei v. Money Store*, 349 F. Supp. 2d 651, 659 (S.D.N.Y. 2004) (quoting *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 234–35, 236 (2d Cir. 1998)). "'The triggering of the FDCPA does not depend on whether a third party is in fact involved in the collection of a debt, but rather whether a least sophisticated consumer would have the false impression that a third party was collecting the debt.'" *Id.* at 659–60 (quoting *Maguire*, 147 F.3d at 236); *see also Nielsen v. Dickerson*, 307 F.3d 623, 633 (7th Cir. 2002) (under the "false name" exception "a creditor who uses someone else's name so as to suggest to the debtor that a third party is involved in the debt collection process, when in fact [the third] party is not involved, can be treated as a 'debt collector' under the FDCPA").

It is clear from the face of the complaint that Cangelosi's claim does not fall within

the false name exception.  There is no allegation in the complaint or amended complaint that defendants actually sent the letter but used Ms. Hinton's name instead of their own.  Instead, it is obvious that Ms. Hinton's letter was sent by her on behalf of New Orleans Hurricane and Mr. Walker.  The false name exception to the FDCPA's creditor exclusion exists to prevent a creditor from dunning its customers under a false name while maintaining the goodwill associated with the creditor's actual name.  *See Smith v. Midwestern Audit Servs., Inc.*, No. 09-147, 2010 WL 5089862, at *14 (E.D. Mich. Dec. 8, 2010) (citing Senate Report for FDCPA for purpose behind false name exception).  Even taking the facts in Cangelosi's complaint and amended complaint as true, it is clear that this is not what happened in this case.

Because New Orleans Hurricane and Mr. Walker did not send the letter, because they are creditors and not debt collectors, and because the false name exception to the creditor exemption does not apply in this case, defendants' motion to dismiss is granted with respect to Cangelosi's FDCPA claim.

## VI.   Cangelosi's Pendent State Law Claims

Having determined that Cangelosi's FDCPA claim must be dismissed, the Court considers whether to exercise jurisdiction over Cangelosi's pendent state law claims.  Defendants filed a motion to dismiss Cangelosi's redhibition and contract claims for lack of jurisdiction.  Defendants argue that the Court never had supplemental jurisdiction over these state law claims, even before Cangelosi's federal law claims were dismissed, because the redhibition and contract claims are not related to Cangelosi's federal law claims.  The Court finds all of Cangelosi's claims against defendants are related, and thus this Court had subject matter jurisdiction over Cangelosi's federal law claims and supplemental

11

jurisdiction over Cangelosi's state law claims pursuant to § 1367(a).  For this reason, defendants' motion to dismiss Cangelosi's redhibition and contract claims for lack of jurisdiction is denied.

Now that the FDCPA and the 18 U.S.C. 876 claims have been dismissed, the Court finds that, after balancing the statutory factors in § 1367(c) and the common law factors of judicial economy, convenience, fairness, and comity, Cangelosi's pendent state law claims should not be dismissed. In so finding, the Court considers important the advanced procedural posture of this case, the fact that the bench trial of this matter is less than two months away, the fact that the Court has already decided one substantive motion in this case and is quite familiar with the facts, and the fact that the prescriptive period on some of Cangelosi's state law claims may have already run.  The Court finds that it would be inefficient and unnecessarily prejudicial to Cangelosi to dismiss the state law claims at this time, even though the FDCPA and criminal claims have been dismissed. *See, e.g. Mendoza*, 532 F.3d at 346-47 (affirming district court's decision to retain supplemental jurisdiction, despite dismissal of all federal claims, because state law issues were neither novel nor complex, because case was ripe for disposition, and because common law factors weighed in favor of retaining jurisdiction); *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir.2002) (same); *see also Parker & Parsley*, 972 F.2d at 587 (affirming district court's decision to retain supplemental jurisdiction, in part because of the district court's familiarity with the case).  Despite defendants' argument to the contrary, this case is not in its early stages. Instead, several major deadlines have passed, and the matter is ripe for resolution. Defendants' request that this Court abstain from exercising jurisdiction is denied.

## CONCLUSION

Accordingly, **IT IS ORDERED** that defendants' motion to dismiss Cangelosi's FDCPA and 18 U.S.C. 876 claims under Rule 12(b)(6) be and hereby is **GRANTED.**

**IT IS FURTHER ORDERED** that Cangelosi's FDCPA claim and claim for damages under 18 U.S.C. 876 be and hereby are **DISMISSED.**

**IT IS FURTHER ORDERED** that defendants' motion to dismiss Cangelosi's breach of contract and redhibition claims for lack of subject matter jurisdiction be and hereby is **DENIED.**

**IT IS FURTHER ORDERED** that defendants' request that the Court abstain from exercising jurisdiction over Cangelosi's pendent state law claims be and hereby is **DENIED.**

**New Orleans, Louisiana, this  31st  day of January, 2013.**


_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**